**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

JOHN C. WALKER                                                            PLAINTIFF

v.                                        Case No. 4:14-cv-04055-SOH

TA OPERATING LLC d/b/a
PETRO STOPPING CENTERS                                                  DEFENDANT

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**
**DISCOVERY FROM PLAINTIFF JOHN C. WALKER**

Defendant TA Operating LLC d/b/a Petro Stopping Centers ("Defendant" or "TA")
submits this brief in support of its Motion to Compel complete and responsive answers to
interrogatories and responses to requests for production of documents from Plaintiff John C.
Walker.  Plaintiff has failed to adequately respond to TA's written discovery requests by lodging
misplaced objections and by refusing to disclose information directly relevant to his claims.
Further, Plaintiff has failed to engage TA in its attempts to resolve this dispute without the
Court's intervention. Although TA has made several good faith attempts to confer with
Plaintiff's counsel to resolve these discovery matters, Plaintiff's counsel has essentially ignored
each of TA's requests, and TA is unable to resolve the disagreement without the intervention of
the Court. Because Plaintiff has failed to provide complete and responsive answers and responses
to Defendant's discovery requests, the Court's assistance is regrettably required so that discovery
in this case may continue without further delay.  TA requests that the Court enter an Order
compelling Walker to supplement his discovery responses and document production as follows.

I.      **BACKGROUND**

        This is a constructive discharge and racial harassment case. Plaintiff Walker alleges that
he was subjected to unwelcome harassment based on his race during his short employment with

TA. Walker claims that he saw what he thought was rope fashioned into a small noose in a stockroom and, on one other occasion, he heard a co-worker make noises that he considered to be "monkey sounds."[1] Walker alleges that these incidents made him feel "threatened" and that he resigned on February 6, 2012.[2]

Walker filed his Complaint on April 7, 2014. On December 19, 2014, TA served Walker with its First Set of Interrogatories and Requests for Production of Documents.[3] Although Walker responded to TA's written discovery requests on January 21, 2015, his answers and responses were incomplete, he failed to verify his interrogatory answers, and he lodged numerous misplaced objections.[4]

As a result, on February 2, 2015, counsel for TA wrote a good-faith letter to counsel for Plaintiff, requesting that Plaintiff provide more complete answers and responses.[5] The letter outlined each discovery deficiency. After receiving no response to the letter, TA's counsel followed up with an email on February 10, asking for a response by the end of the week, but offering additional time if Plaintiff's counsel needed it.[6] Plaintiff's counsel responded on February 12, stating only that he needed more time. No time estimate was given, and no response to the letter was forthcoming. TA's counsel emailed again on February 19, suggesting that a phone call would be a better way to resolve the parties' discovery issues and asking when

---

[1] *See* Complaint [Doc. No. 1], ¶¶ 13-32.

[2] *See id.*, ¶ 32.

[3] *See* Exhibit A (TA's First Set of Interrogatories and Requests for Production).

[4] *See* Exhibit B (Walker's Response to TA's First Set of Interrogatories and Requests for Production).

[5] Exhibit C (February 2 Letter).

[6] Exhibit D (February 10 Email).

Plaintiff's counsel was available for a call.[7]  Plaintiff's counsel responded, also on February 19, that he had a jury trial coming up on March 2 and he was "not sure" when he could schedule a call, but he stated he would try to address the February 2 letter over the weekend.[8] No response came over the weekend or thereafter.  TA's counsel allowed time for Plaintiff's counsel's trial to pass, but Plaintiff's counsel has neither responded to the February 2 letter nor accepted TA's counsel's offer to schedule a call to discuss all outstanding discovery issues.

## II.   ARGUMENT AND AUTHORITIES

### A.   Standard for motions to compel.

Rule 37 provides for a motion to compel when a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents under Rule 34. FED. R. CIV. P. 37(a)(3). Further, "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Because Walker has failed to provide complete interrogatory answers under Rule 33 and has failed to produce documents pursuant to Rule 34, an order compelling discovery is appropriate. Thus, TA respectfully requests that the Court enter an order compelling discovery requiring Walker to provide complete answers to interrogatories and complete responses to requests for production of documents.

### B.   The Court should compel Walker to supplement his answers to TA's interrogatories.

Walker responded to several of TA's interrogatories with misplaced objections and incomplete answers in lieu of responsive, relevant information, and he failed to verify his answers. Walker should be compelled to provide complete, verified answers.

---

[7] Exhibit E (February 19 email exchange).

[8] *Id.*

First, TA's Interrogatory No. 1 asked Plaintiff to identify individuals he thinks has knowledge of, or information relating to, any of the facts alleged in his Complaint, and to describe the knowledge or information that person is thought to have.[9]   Walker identified 19 individuals, including himself, as potential witnesses in his response to TA's Interrogatory No. 1.[10] For some of those witnesses, Walker has listed incomplete or inaccurate information.[11] For example, Walker listed John Hayes' (one of his potential witnesses) telephone number as "1-870" (an invalid number) and his address as, simply, "Prescott, Arkansas 718570."[12] Walker also failed to provide the addresses for Freddie Miller, who Walker claims will "give testimony relative to the hostile environment that the plaintiff was subjected to," and Toni Williamson, who Walker stated will "give testimony relative to the hostility that [Walker] faced, and the damages that [Walker] experienced."[13] Walker should be compelled to provide complete, accurate contact information for each of his potential witnesses and provide full, complete, descriptive information as to the subject matter of their anticipated testimonies. As described above, in the weeks following TA's requests, Walker has failed to provide any additional information about these potential witnesses. TA therefore asks the Court to compel Walker to provide complete information regarding the witnesses he intends to call at trial to support his claims.

Second, TA's Interrogatory No. 12 sought information relevant to Walker's damages and mitigation efforts, such as any income, unemployment insurance, or other payments Walker

---

[9] Exhibit A, Interrogatory No. 1 ("Identify every person you think has knowledge of, or information relating to, any of the facts alleged in your Complaint, including, but not limited to, knowledge relating to your allegation that you were subjected to unlawful race discrimination, and for each such person identified, describe the knowledge or information that person is thought to have.").

[10] *See* Exhibit B, Answer to Interrogatory No. 1.

[11] *See id.*

[12] *See id.*

[13] *Id.*

received since his voluntary termination from TA.[14] Yet Walker responded, "[o]bjection, collateral source rule."[15] The collateral source rule is an evidentiary objection, but is not a valid basis on which to withhold discovery. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) ("Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery . . . ."). Walker's mitigation efforts are indeed relevant to his claim for damages. Thus, Walker's objection to Interrogatory No. 12 is unfounded, and the Court should compel him to provide this information.

Third, TA's Interrogatory No. 16 sought details concerning electronically stored information (ESI) at issue in the case, including the original location of the ESI, the current location of the ESI, and any changes that have been made to the ESI.[16] According to Walker's Complaint allegations, he voluntarily terminated his employment due in part to an allegedly racist text message and photo from a co-worker.[17] In addition, Walker claims to have photographed the alleged noose on several occasions. So, in Interrogatory No. 12, TA sought information on the message, the photos, and other ESI produced in the case. Walker responded, "[t]he photographs are enclosed."[18] But he produced only hard copies of photographs with his

---

[14]Exhibit A, Interrogatory No. 12 ("State the amount and source of all income and fringe benefits you have received since you last worked for TA, including, but not limited to, any workers' compensation payments, disability payments, unemployment insurance, social security or other governmental benefits, employment from any employer, work as an independent contractor or broker, work in a temporary position, self-employment, grants, loans, welfare payments, public aid, benefits under private insurance policies, or support received from any other source, including relatives.")

[15] Exhibit B, Answer to Interrogatory No. 12.

[16] Exhibit A, Interrogatory No. 16 ("For all photos, text messages, and other electronically stored information ("ESI") that you mention in your Complaint or that you produce in response to these discovery requests, identify the original location of the ESI, the current location of the ESI, and any changes that have been made to the ESI from its original state.").

[17] *See* Complaint [Doc. No. 1], ¶¶ 13-32.

[18] Exhibit B, Interrogatory No. 16.

written responses.  He has not produced any electronic copies of the photographs or text message and has completely failed to answer Interrogatory No. 16 concerning the location of the ESI and any changes made to it. "Electronically stored information" is expressly covered by Rules 26 and 34, and TA is entitled to know how that information has been handled since it was created. The information requested is relevant because it goes directly to the admissibility and authenticity of the ESI.  *See generally Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534 (D. Md. 2007) (discussing admissibility of electronic evidence).

Nor has Walker produced the chain-of-custody tracking information for any ESI, as requested by TA in Interrogatory No. 17.[19] Walker failed to lodge any objections to this interrogatory and responded, simply, "[t]ext message was previously produced."[20] But he has, in fact, never produced the text message, either in electronic or hard-copy form. TA is entitled to know how Walker preserved the text messages and other ESI and what he did to ensure that the information was not altered. Since Walker is unwilling to even disclose whether any of this information even exists, an order compelling production of the ESI, along with chain-of-custody information, is necessary.

Finally, Walker failed to verify his interrogatory responses. Rule 33(b)(3) states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing *under oath*." (emphasis added).  The signature requirement serves important objectives:

> First, interrogatory responses may be used at trial and, therefore, constitute testimony; *when responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness*.  Second, the failure to have

---

[19] Exhibit A, Interrogatory No. 17 ("For all photos, text messages, and other electronically stored information ("ESI") that you mention in your Complaint or that you produce in response to these discovery requests, state whether you have maintained chain of custody tracking information for the ESI from its original location to its current location.").

[20] Exhibit B, Answer to Interrogatory No. 17.

answers signed by the party undermines the summary judgment process because summary judgment may be based on answers to interrogatories.

*Moore's Federal Practice - Civil* § 33.104 (footnotes omitted) (emphasis added). Walker served his interrogatory responses nearly two months ago, but he still has not verified them as required by Rule 33. The Court should therefore compel Walker to verify his interrogatory answers, and any supplement thereto, under oath.

      **C.**    **The Court should compel Walker to produce documents responsive to TA's Requests for Production.**

Walker's responses to TA's Requests for Production were similarly incomplete. First, in several of its document requests, TA asked for *electronic* copies of photographs, text messages, and other electronic communications at issue in the case. But Walker has produced no electronic materials of any kind. TA's Request Nos. 3, 4, 5, 6, 7, and 8 all sought the production of ESI:

- Request No. 3 asked for "all e-mails, text messages, and other electronic or written communications you sent forwarding or otherwise sharing the photos" referenced in the Complaint. Walker responded, "[t]hey are attached," but in fact no such e-mails, text messages, or communications were attached to the written discovery responses. Nor have these materials been produced since then.[21]

- Request No. 4 sought "[e]lectronic copies of any photos you took of co-workers or the workplace at TA, including all metadata associated with the photos," yet Walker has produced no electronic photos.[22]

- Request No. 5 asked for "all e-mails, text messages, and other electronic or written communications you sent forwarding or otherwise sharing any photos you took of co-workers *or the workplace at TA*." (emphasis added). Walker responded that he did not take any photos of "co-worers" [sic], but ignored the remainder of the request for photos taken at "the workplace."[23]

- Request No. 6 asked for "documents memorializing or substantiating" any complaints by Walker to TA. Although Walker responded that he did not make any written complaints

---

[21] *See* Exhibit B, Response to Request No. 3.

[22] *See id*, Response to Request No. 4.

[23] *See id*., Response to Request No. 5.

(only verbal complaints), he failed to state whether he had any documents memorializing or substantiating his alleged verbal complaints.[24]

- Request No. 7 sought text messages between Walker and a co-worker, Gerald Salazar. Walker responded, "[t]hose e-mails are attached," yet no emails or text messages to or from Salazar were included in Walker's document production.[25]

- Request No. 8 asked for communications from Walker forwarding allegedly racist text messages from Salazar. Walker responded, simply, "[w]hatever e-mails that I have are attached," yet he failed to indicate whether responsive documents exist. And Walker's entire document production contains only one email (in hard copy form), which is not responsive to this request.[26]

Walker has failed to produce any electronic information to TA in response to these requests. Nor has he produced any text messages. Although he has produced one email (which is, in fact, not responsive to any of the above requests), he failed to produce it in electronic format. Importantly, Walker has alleged that Salazar sent him a picture of two monkeys implying (somehow) hostility to Walker's race, and that Walker took photos of an alleged noose with his phone.[27] But Walker has failed to produce any text messages or photos in original electronic format. Thus, an order compelling the production of these items is appropriate.

Request Nos. 28, 37, and 44 all sought documents that Walker has access to but simply refused to produce because, as he claims, they are available through other sources. In each instance, the possibility that this information may be available elsewhere does not relieve Walker of his obligation to comply with his discovery obligations by producing responsive documents. *See* FED. R. CIV. P. 34 (discussing production of documents within a party's "possession, custody, or control"); FED. R. CIV. P. 26(b)(2)(C)(i) (discussing that, for a protective order to be appropriate, the other source must be "more convenient, less burdensome, or less expensive.").

---

[24] *See id*, Response to Request No. 6.

[25] *See* Exhibit B, Response to Request No. 7.

[26] *See id*., Response to Request No. 8.

[27] *See* Complaint [Doc. No. 1], ¶¶ 13-32.

Walker has made no showing that another source is "more convenient, less burdensome, or less expensive."  In fact, they are not, and Walker should be compelled to produce the documents requested.

Request No. 28 sought documents that Walker provided to or received from the Arkansas Department of Workforce Services.[28] Walker responded, "[t]hey are part of the unemployment file, that can be easily obtained from said state agency."[29] But the Arkansas Department of Workforce Services maintains that most documents in its files are *not* subject to production pursuant to the Freedom of Information Act, so TA is unable to obtain these documents on its own. *See generally* Ark. Code Ann. § 11-10-314 (stating that, for the most part, unemployment documents are "confidential and shall be protected by government privilege"). The documents are within Mr. Walker's "possession, custody, or control" (*see* FED. R. CIV. P. 34(a)(1)), and must be produced.  *See also* Ark. Code Ann. § 11-10-314(b)(2)(B) (stating that "any individual or employer may be provided any information from the records of the Department of Workforce Services to the extent that the information was provided by him or her").

Request No. 37 asked for documents that Walker produced to or received from the EEOC.[30] Walker responded that "[t]hey are part of the EEOC Investigative file that can be easily obtained."[31] Notwithstanding TA's ability to request these items from the EEOC pursuant to the Freedom of Information Act, Walker still has the obligation to produce them directly to TA in the discovery process, as he has made no showing that obtaining them from the EEOC is a better option here. In addition, in TA's counsel's experience, the EEOC sometimes redacts information

---

[28] *See* Exhibit A, Request No. 28.

[29] Exhibit B, Response to Request No. 28.

[30] *See* Exhibit A, Request No. 37.

[31] *See* Exhibit B, Response to Request No. 37.

it produces, the EEOC often withholds documents, and the EEOC does not always retain in its files every document that a charging party provides to it. Walker has a duty to preserve "what [he] knows, or reasonably should know, will likely be requested in either pending, or reasonably foreseeable litigation." *Anderson v. Sullivan*, No. 1:07-cv-111-SJM, 2013 U.S. Dist. LEXIS 116086, at *11 (W.D. Pa. Aug. 16, 2013); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003); *see also Winters v. Textron, Inc.*, 187 F.R.D. 518, 520 (M.D. Pa. 1999) ("A duty to preserve evidence, independent from a court order to preserve evidence, arises when there is (1) pending or probable litigation involving the defendant; (2) knowledge of the existence or likelihood of litigation, (3) foreseeable prejudice to the other party if the evidence were to be discarded and (4) evidence relevant to the litigation"). Walker should be compelled to produce all documents he provided to or received from the EEOC.

Request No. 44 sought Walker's tax returns or, alternatively, a signed release from Walker allowing TA to obtain his tax returns on its own from the IRS.[32] Although Walker responded that he does have any such documents, he failed to sign the release necessary for TA to obtain them from the IRS.[33] Because a request for an authorization is proper under Rule 34, Walker is required to execute the release provided by TA. *See Washam v. Evans*, No. 2:10CV00150 JLH, 2011 WL 2559850, at *2 (E.D. Ark. June 29, 2011) (citing *J.J.C. v. Fridell*, 165 F.R.D. 513, 517 (D. Minn. 1995) ("Requests for authorizations for the release of . . . records can be properly ordered pursuant to Rule 34 . . . ."). Walker may not skirt his obligation to produce documents in response to Request Nos. 28, 37, and 44 by simply telling TA to find them elsewhere. Thus, an Order compelling the production of these items is necessary.

---

[32] *See* Exhibit A, Request No.44.

[33] *See* Exhibit B, Response to Request No. 44.

Finally, Walker objected to Request Nos. 31 and 32 on the basis of the "collateral source rule."[34] These requests sought the amount and source of income received by Walker since his voluntary termination from TA. This information is relevant to Walker's alleged damages and his mitigation efforts. Because the collateral source rule is not a valid objection to a discovery request under Rule 34, Walker's response is misplaced. *See Hofer*, 981 F.2d at 380. The Court should order Walker to produce these materials.

## III. CONCLUSION

Walker's responses to TA' First Set of Interrogatories and Requests for Production are insufficient to meet his discovery obligations under Rule 26. Thus, TA requests that the Court issue an Order compelling Walker to:

- supplement Walker's answer to TA's Interrogatory No. 1 to include complete contact information for all of the potential witnesses identified and provide a summary of each witness' relevant personal knowledge;

- remove his objection to Interrogatory No. 12 and provide responsive information;

- supplement his answer to Interrogatory Nos. 16 and 17 regarding electronically stored information;

- verify his interrogatory answer;

- produce electronically stored information and related materials in response to Request for Production Nos. 3, 4, 5, 6, 7, and 8;

- produce documents he provided to or received from the Arkansas Department of Workforce Services, the Equal Employment Opportunity Commission, and the Internal Revenue Service (or to execute and return the IRS release provided with TA's discovery requests) in response to Request for Production Nos. 27, 28, and 44; and

- remove his objection to Request for Production Nos. 31 and 32 and produce documents related to his alleged damages and mitigation efforts.

TA also requests that the Court grant it any additional relief it deems necessary.

---

[34] Exhibit B, Responses to Request Nos. 31 and 32.

/s/ Jeffrey B. Chugg
Eva C. Madison (98183)
Littler Mendelson, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, Arkansas 72701
Telephone:  479.582.6100
Fax:  479.582.6111
emadison@littler.com

Jeffrey B. Chugg*
Littler Mendelson, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201-2931
Telephone:  214.880.8190
Fax:  214.853.5925
jchugg@littler.com

**ATTORNEYS FOR DEFENDANT**

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on March 19, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Austin Porter, Jr.
Porter Law Firm
323 Center Street, Suite 1300
Little Rock, AR 72201
Aporte5640@aol.com

/s/ Jeffrey B. Chugg