**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

JOHN C. WALKER                                                    PLAINTIFF

v.                          Case No. 4:14-cv-04055-SOH

TA OPERATING LLC d/b/a
PETRO STOPPING CENTERS                                           DEFENDANT

**BRIEF IN SUPPORT OF DEFENDANT'S RULE 37(d) MOTION FOR**
**SANCTIONS FOR FAILURE TO ATTEND DEPOSITION**

Defendant TA Operating LLC d/b/a Petro Stopping Centers ("Defendant" or "TA") submits this brief in support of its motion seeking an Order imposing sanctions on Plaintiff John C. Walker under Federal Rule of Civil Procedure 37(d) for his failure to appear for deposition.

**I.      SUMMARY**

Sanctions against Plaintiff are warranted under Rule 37(d) of the Federal Rules of Civil Procedure because Plaintiff failed to appear for his own properly-noticed deposition. The facts are straightforward: Defendant served Plaintiff with a valid notice of deposition, stating that the deposition was set to occur on February 16, 2015. But Plaintiff failed to appear at the designated time and place. Plaintiff does not dispute receiving the notice and does not allege that a preexisting commitment kept him from the deposition. Nor did he object to or move to quash the notice. Instead, he merely refused – **and still refuses** – to appear for deposition under any circumstances, unless Defendant produces additional documents in response to Plaintiff's discovery requests. Because the Federal Rules do not allow a party to intentionally avoid his own deposition in this manner, Plaintiff is subject to the sanction of dismissal or, in the alternative, to a lesser sanction such as payment of Defendant's attorneys' fees and other expenses incurred in its attempt to take his deposition.

## II.  CASE BACKGROUND

This is a constructive discharge and racial harassment case. Plaintiff Walker alleges that he was subjected to unwelcome harassment based on his race during his short employment with TA. Walker claims that he saw what he thought was rope fashioned into a small noose in a stockroom and, on one other occasion, he heard a co-worker make noises that he considered to be "monkey sounds."[1] Walker alleges that these incidents made him feel "threatened" and that he resigned on February 6, 2012.[2] Plaintiff filed his Complaint on April 7, 2014, and the parties have exchanged written discovery.

## III.  FACTUAL BACKGROUND.

1.      On January 8, 2015, counsel for Defendant sent a letter to counsel for Plaintiff requesting a date for Plaintiff's deposition.[3] Counsel for Plaintiff did not respond to the letter.

2.      On January 15, 2015, counsel for Defendant sent a second letter to counsel for Plaintiff with the same request, stating that it was necessary to schedule Plaintiff's deposition as soon as possible due to impending case deadlines.[4] Counsel for Plaintiff did not respond to this second request.

3.      Having received no further communications from Plaintiff's counsel, Defendant's counsel served Plaintiff with a notice of deposition on January 30, 2015.[5] The notice required Plaintiff to appear for deposition on February 6, 2015.

4.      On February 2, 2015, Plaintiff's counsel called Defendant's counsel regarding the notice and stated that Plaintiff refused to appear for deposition until Defendant supplemented its

---

[1] *See* Complaint [Doc. No. 1], ¶¶ 13-32.

[2] *See id.*, ¶ 32.

[3] Exhibit A (1/8/2015 letter).

[4] Exhibit B (1/15/2015 letter).

[5] Exhibit C (1/30/2015 Notice of Deposition of John Walker).

discovery responses (served on January 15, 2015) to Plaintiff's counsel's satisfaction by producing additional documents. Later the same day, Defendant's counsel received an email with an attached letter from Plaintiff's counsel explaining that he had pretrial hearing in Pulaski County on February 6, 2015, and was therefore unavailable for deposition on February 6.[6] Plaintiff's counsel's email further reiterated his intent not to allow Plaintiff's deposition to proceed until after Defendant supplemented its responses to Plaintiff's Interrogatories and Requests for Production to his satisfaction.[7] The letter stated:

> During our conversation today, you request [sic] that I make my client available for deposition. **I told you that when you properly respond to my discovery requests, I will make him available for deposition**. . . . Having my client subjected to a deposition, when the defendant has objected to just about every discovery request, would put my client in a position of being deposed, without have [sic] the benefit of vital information that is in the hands of the defendant, which is not fair. I want you to depose my client, **but only after giving him the benefit of having some information** that is critical to his claim.[8]

5.    Because Plaintiff's counsel had indicated that he had a hearing set for February 6, Defendant's counsel amended the notice of Plaintiff's deposition, rescheduling the deposition for February 16, 2015.[9] On February 2, 2015, Defendant's counsel served Plaintiff with the amended notice of deposition.[10] In an accompanying letter, Defendant's counsel explained that

---

[6] Exhibit D (2/2/2015 email and letter).

[7] *Id*.

[8] *Id*. (emphasis added).

[9] Plaintiff filed a Motion for Continuance and to Re-Establish Discovery and Motion Deadlines on February 12, 2015, in which Plaintiff's counsel confirmed that his case originally set for trial the week of February 17, 2015, had been dismissed on February 9. *See* Doc. No. 13, ¶ 6. According to the Motion, Plaintiff's counsel had no trial settings in February and only one setting in March 2015. *Id*.

[10] Exhibit E (2/2/2015Amended Notice of Deposition and accompanying letter).  Plaintiff's counsel thereafter informed Defendant's counsel he was set for trial on February 17, 2015, but he later informed Defendant's counsel this trial conflict had been resolved.

Plaintiff was not entitled to unilaterally cancel a deposition over a dispute about the sufficiency of written discovery responses.[11]

6.     On Thursday, February 12, 2015, Plaintiff's counsel filed a motion for continuance regarding several case deadlines.[12] In the motion, counsel provided his trial schedule for February and March. The motion did not indicate that counsel had a preexisting commitment for February 16, the date of Plaintiff's deposition, or anytime that week. Nor did the request for continuance seek to postpose Plaintiff's deposition.  In fact, the motion made no mention of the date set for Plaintiff's deposition.[13]

7.     Also on February 12, Defendant's counsel emailed Plaintiff's counsel regarding the deposition set to occur on February 16. In the email, Defendant's counsel offered to amend the deposition notice once again, moving it from Monday, February 16, to Friday, February 20, on the condition that Plaintiff appear for deposition on that date.[14] Plaintiff's counsel failed to respond to the email.

8.     On February 16, 2015, Plaintiff and his counsel failed to appear for deposition pursuant to the amended deposition notice. Defendant's counsel recorded a certificate of nonappearance.[15] Defendant's counsel received no notice that Plaintiff would not appear for deposition after his February 12 email. At no time either before or after the February 12 email

---

[11] *See id.*

[12] *See* Doc. No. 13.

[13] *See id.*

[14] Exhibit F (2/12/2015 email).  At no point did Plaintiff's counsel ever claim a conflict with the deposition date of February 16.  Defendant offered to amend the notice simply in an effort to be accommodating because Plaintiff's counsel claimed to be busy preparing for a March trial, which, at that point, was more than two weeks away.

[15] Exhibit G (2/16/2015 Certified Nonappearance of Plaintiff).

did Plaintiff's counsel indicate that he had any conflict with the February 16 deposition date, only that he was generally busy preparing for a trial set to start during the week of March 2, 2015.[16]

       9.      Plaintiff failed to object to the deposition or to file a motion for a protective order to forestall the deposition. As a result, Defendant has unnecessarily incurred expenses in arranging a court reporter, a rented conference room, travel expenses, and other costs associated with the deposition, which was properly noticed under the Federal Rules.

## IV.   ARGUMENT AND AUTHORITIES

### A.   Standard for sanctions under Rule 37(d) for failure to appear for deposition

Under Rule 37(d), a court may issue sanctions if a "party . . . fails, after being served with proper notice, to appear for that person's deposition." These sanctions may include:

- prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

- striking pleadings in whole or in part;

- staying further proceedings until the order is obeyed;

- dismissing the action or proceeding in whole or in part; or

- rendering a default judgment against the disobedient party.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vi); *see also* FED. R. CIV. P. 37(d)(3). The Eighth Circuit has explained, "[a]lthough dismissal with prejudice is a severe sanction, the court may impose such a sanction where the plaintiff has engaged in a pattern of intentional delay." *First Gen. Res. Co. v. Elton Leather Corp.,* 958 F.2d 204, 206 (8th Cir. 1992). "The court does not need to find that the plaintiff acted in bad faith, merely that the plaintiff acted deliberately as opposed to accidentally." *Id.* Thus, dismissal may be appropriate where a party has deliberately failed to attend its own deposition. *See Harris v. Unknown Mack,* 221 F.3d 1342 (8th Cir. 2000)

---

[16] *See* Exhibit F.

(affirming district court's dismissal of action with prejudice as a discovery sanction, based on plaintiff's deliberate failure to attend two scheduled depositions); *Setzke v. Whitmill*, 241 Fed. Appx. 351 (8th Cir. 2007) (dismissal of employment discrimination claim was appropriate sanction for plaintiff's failure to appear for deposition).

"Instead of or in addition to [the sanctions enumerated above], the court **must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3) (emphasis added). "A district court has wide latitude in imposing sanctions for failure to comply with discovery" under Rule 37(d). *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (affirming dismissal of action because of a party's failure to appear for deposition); *see also Hudson v. Pinnacle Teleservices*, 241 Fed. Appx. 340 (8th Cir. 2006) (affirming district court's award of attorney fees and costs to defendant for employment discrimination plaintiff's failure to appear at depositions); *Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429, 438 (E.D. Ark. 2011) (sanction of attorneys' fees and costs related to deposition was warranted where party failed to attend deposition and filed untimely motion to quash deposition notice).

### B.   Sanctions are warranted for Plaintiff's nonappearance at his deposition.

Here, Plaintiff intentionally failed to attend his own deposition without a good reason. Defendant made two initial requests to Plaintiff for a date for his deposition. After receiving no response at all from Plaintiff's counsel, Defendant served Plaintiff with a valid notice of deposition. Later, Defendant's counsel, in an effort to accommodate Plaintiff's counsel's allegedly busy schedule, moved the deposition from its original date and then offered to move it a second time if Plaintiff would only agree to appear for deposition as required by Rule 30.

At no point did Plaintiff ever claim a conflict with the deposition date of February 16, and, most significantly, at no point did he move for a protective order with respect to the deposition notice.  FED. R. CIV. P. 37(d)(2) (A party is not excused from appearing "on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."); *Richardson v. BNSF Ry. Co.*, No. 13-5415, 2014 U.S. Dist. LEXIS 147985, at*3-4 (E.D. La. Oct. 16, 2014) ("A lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed in writing pursuant to Fed. R. Civ. P. 30(b)(1), which is a step only the court is empowered to take.").  Defendant's counsel affirmed his intent to go forward with the deposition four days before the scheduled date, but also provided Plaintiff with an alternative date in the event he or his counsel were not available. Defendant received no response and, on the date of the deposition, Plaintiff failed to appear. As a result, Defendant incurred costs associated with scheduling a court reporter, reserving a location near Plaintiff's residence for the deposition, and travel to the deposition, as well as attorneys' fees in preparing for and attending the deposition.

Plaintiff has no good reason for his nonappearance. As correspondence from Plaintiff's counsel indicates, this was no mistake. Nor is it merely a disagreement over scheduling. Plaintiff simply refused to appear – and still refuses to appear – because of an alleged dispute over the sufficiency of Defendant's responses to written discovery.[17] But neither the Federal Rules nor any other relevant legal authority allows Plaintiff to hold hostage his own deposition over an unrelated discovery dispute.  *See* FED. R. CIV. P. 26(d)(2) ("methods of discovery may be used in any sequence; and . . . discovery by one party does not require any other party to delay its

---

[17] On February 19, Defendant's counsel asked Plaintiff's counsel if they could schedule a call to discuss these issues.  Plaintiff's counsel responded that he had a jury trial coming up on March 2 and he was "not sure" when he could schedule a call.  He has not responded further on the issue.

discovery."); *Buschmohle v. WWRD US, LLC*, No. 13-CV-10613, 2014 U.S. Dist. LEXIS 53831, at *4-5 (E.D. Mich. Apr. 18, 2014) (citing Rule 26(d)(2) and stating, "Plaintiff provides no legal basis for her assertion that she is not required to comply with a Notice of Deposition if Defendant has not completely responded to her discovery requests."); *Garmin Ltd. v. TomTom, Inc.*, No. 2:06-CV-338 (LED), 2007 U.S. Dist. LEXIS 74032, at *23 (E.D. Tex. Oct. 3, 2007) ("As Rule 26(d) clearly states, one party may not unilaterally decide when to withhold discovery.").

At best, Plaintiff is using his own deposition as a bargaining chip; at worst, he's intentionally obstructing the discovery process. Because Plaintiff has acted "deliberately" to avoid his deposition, the sanction of dismissal is warranted. *See Elton Leather,* 958 F.2d at 206; *Stevenson v. Bartlo*, 8 Fed. Appx. 580 (8th Cir. 2001) (district court did not abuse its discretion by dismissing plaintiff's employment discrimination complaint with prejudice as a discovery sanction where plaintiff failed to appear for his deposition).

In the alternative, if the Court is inclined not to dismiss Plaintiff's action, it should sanction Plaintiff by ordering him to appear for deposition, staying the case until the deposition occurs, and awarding Defendant its attorneys' fees and costs associated with its previous attempt to take Plaintiff's deposition and in preparing this motion. *See Wanbaugh v. Fields*, CIV.05-5214, 2008 WL 619208, at *2 (W.D. Ark. Mar. 4, 2008) (granting the defendants' Rule 37(d) motion, ordering the plaintiff to pay the defendants' attorneys' fees and costs incurred in attempting to take plaintiff's deposition, and ordering the plaintiff to appear for his deposition at counsel for defendants' office within ten days of the order, and staying the case until the plaintiff complied with the order). Because Plaintiff has expressed his unwillingness to appear for deposition voluntarily, this action is necessary to allow Defendant to complete discovery.

## V.  CONCLUSION

Plaintiff failed to appear for a deposition which was properly noticed under Rule 30, and has stated that he will not appear for deposition in this matter until Defendant capitulates to his demand for additional documents. Under the Federal Rules and relevant controlling authority, this behavior is subject to sanctions. Defendant thus requests a sanction of dismissal of Plaintiff's claims or, in the alternative, a sanction consisting of an Order (1) compelling Plaintiff to appear for deposition, (2) administratively staying the case until the deposition occurs, and (3) an award of attorneys' fees and expenses incurred by Defendant due to Plaintiff's nonappearance for his deposition.

/s/ Jeffrey B. Chugg
Eva C. Madison (98183)
Littler Mendelson, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, Arkansas 72701
Telephone:  479.582.6100
Fax:  479.582.6111
emadison@littler.com

Jeffrey B. Chugg*
Littler Mendelson, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201-2931
Telephone:  214.880.8190
Fax:  214.853.5925
jchugg@littler.com

**ATTORNEYS FOR DEFENDANT**

*Admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 19, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Austin Porter, Jr.
Porter Law Firm
323 Center Street, Suite 1300
Little Rock, AR 72201
Aporte5640@aol.com


<u>/s/ Jeffrey B. Chugg</u>