IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN C. WALKER                                                                                              PLAINTIFF

v.                                        Civil No. 4:14-cv-04055

TA OPERATING LLC d/b/a
PETRO SHOPPING CENTERS                                                                        DEFENDANT

**ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery. ECF No. 22. Defendant responded to this Motion on April 7, 2015. ECF No. 24. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court. After considering this Motion, the Court finds it should be **DENIED** because Plaintiff did not comply with Local Rule 7.2(g) prior to filing this Motion.

Plaintiff's Motion to Compel Discovery relates to discovery requests which Plaintiff asserts were not properly answered by Defendant. ECF No. 22. Local Rule 7.2(g) requires "[a]ll motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders *shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute* and that they are not able to resolve their disagreements without the intervention of the Court." (emphasis added). "

In what might be an attempt to comply with Local Rule 7.2(g), Plaintiff, in support of his Motion, sent a letter to Defendant on February 2, 2015, outlining his position regarding the discovery requests and Defendant's asserted failure to properly respond. ECF Nos. 22-3. Plaintiff gave Defendant a deadline of February 9, 2015 to provide the requested information, otherwise a Motion to Compel would be filed. *Id.* It appears Defendant did reply to this letter and indicated they would

not be able to meet the February 9, 2015 due to travel issues, but would respond "within the next few days." Additionally, according to Defendant, although they stated a disagreement with Plaintiff's position, Defendant indicated a willingness to respond to Plaintiff's concerns. ECF No. 24. Following this, Defendant proposed a phone call, which, according to Defendant, Plaintiff's counsel essentially ignored. *Id.*

Simply demanding compliance with a discovery request does not amount to a good faith effort to resolve a discovery dispute. Further, merely attaching such demands as exhibits to the Motion does not comply with Rule 7.2(g).

Accordingly, because Plaintiff did not comply with Local Rule 7.2(g) prior to filing his Motion, Plaintiff's Motion to Compel Discovery (ECF No. 22) is **DENIED** without prejudice to refiling upon Plaintiff's compliance with the local rules of this court.

**Further, all Parties are directed to comply with Local Rule 7.2(g) and meet and confer, either in person or by phone prior to filing any future motion to compel discovery, discovery-enforcement motion, or motion for protective order. Any future violation of Rule 7.2(g) may result in sanctions being imposed.**

**ENTERED** this **9th day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE