IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN C. WALKER                                                                                              PLAINTIFF

v.                                             Civil No. 4:14-cv-04055

TA OPERATING LLC d/b/a
PETRO STOPPING CENTERS                                                                        DEFENDANT

**ORDER**

Before the Court is Defendant's Motion for Sanctions. ECF No. 18. Plaintiff responded to this Motion on April 7, 2015. ECF No. 25. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court. A hearing was held on this Motion on April 21, 2015.

**1. Background:**

Defendant has filed a Motion for Sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure for Plaintiff's failure to attend a noticed deposition. According to Defendant, on January 8, 2015, counsel for Defendant sent a letter to counsel for Plaintiff requesting a date for Plaintiff's deposition. ECF No. 19-1. Counsel for Plaintiff did not respond to the letter. On January 15, 2015, counsel for Defendant sent a second letter to counsel for Plaintiff with the same request, stating it was necessary to schedule Plaintiff's deposition as soon as possible due to impending case deadlines. ECF No. 19-2. Counsel for Plaintiff did not respond to this second request.

On January 30, 2015 Defendant served Plaintiff with deposition notice to appear February 6, 2015. ECF No. 19-3. On February 2, 2015, Plaintiff's counsel called Defendant's counsel regarding the notice and stated Plaintiff refused to appear for deposition until Defendant supplemented its discovery responses. Later the same day, Defendant's counsel received an email

1

with an attached letter from Plaintiff's counsel explaining he had pretrial hearing in Pulaski County, Arkansas on February 6, 2015. This email set forth several other dates with where Plaintiff's counsel had already scheduled matters. ECF No. 19-4.

On February 2, 2015, Defendant's counsel served Plaintiff with an amended notice of deposition rescheduling the deposition for February 16, 2015. ECF No. 19-5. On February 12, 2015, Plaintiff filed a motion for continuance regarding several case deadlines. ECF No. 13. In this Motion, counsel for Plaintiff provided his trial schedule for February and March 2015. The Motion did not indicate counsel had a preexisting commitment for February 16, the date of Plaintiff's deposition, or anytime that week; nor did the request for continuance seek to postpone Plaintiff's deposition. *Id.*

On February 16, 2015, Plaintiff and his counsel failed to appear for deposition pursuant to the amended deposition notice. Defendant's counsel recorded a certificate of nonappearance. ECF No. 19-7.

In his response, counsel for Plaintiff acknowledges his position that Plaintiff's attendance at a deposition would not be agreed too until such time that Defendant had supplemented their discovery responses. ECF No. 25. Plaintiff also does not dispute the fact that he failed to attended his deposition which had been properly noticed for February 16, 2015.

**2. Discussion**:

Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure allows for sanctions to be imposed for party's failure to attend a properly noticed deposition. Furthermore, Rule 37(d)(2) states a failure to attend a noticed deposition is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order. There is no dispute that Plaintiff failed to attend a noticed deposition and no motion for protective order had

been filed. Finally, the type of sanctions allowed pursuant to Rule 37(d)(3) include payment of reasonable expenses, including attorney's fees, caused by the failure to act.

The Court finds Plaintiff was properly noticed for his deposition and refused to attend the deposition. He did not move to quash the deposition notice or request a protective order. Further, the reason provided for his failure or refusal to attend, namely he desired supplementation of written discovery responses from Defendant, is not an justifiable basis for his non-appearance at the properly noticed deposition. Accordingly, sanctions should be imposed.

The Court finds a proper sanction is payment of Defendant's costs and expenses in conjunction with the attempted deposition. These include court reporter fee, conference room charges, and mileage. Counsel for Defendant has provided the Court with an itemization of costs for $473.80 court reporter fee, $238.50 conference room reservation, and $204.70 mileage cost; for a total of $917.00 in costs. Defendant also requested payment of its attorney's fees for time spent preparing for the deposition, however, the Court declines to award fees in this instance, as the deposition will be scheduled in the future and defense counsel's prior preparation will be used at that time.

**3. Conclusion:**

Accordingly, Defendant's Motion for Sanctions (ECF No. 18) is **GRANTED.** Plaintiff is Ordered to pay Defendant $917.00 in sanctions, to be paid within twenty-one (21) days of the entry of this order.

**ENTERED** this **27th day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE