IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN C. WALKER                                                                                              PLAINTIFF

v.                                            Case No. 4:14-cv-04055

TA OPERATING LLC d/b/a
PETRO STOPPING CENTERS                                                                   DEFENDANT

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff and Defendant (the "Parties") are engaged in discovery in the above-captioned action (the "Action"). The Parties are or may in the future be producing documents, written discovery answers, or deposition testimony containing "Confidential Information," as defined herein in paragraph 2 ("Confidential Information"), as a result of the proceedings in this Action. The Parties desire to maintain the confidentiality of the Confidential Information that may be produced in this Action. They therefore enter into this Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Order") and agree as follows:

1. This Confidentiality Order and any amendments or modifications hereto shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with the above-captioned action. The information protected includes, but is not limited to, initial disclosures or supplements thereto, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Confidentiality Order, as well as

to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2. For purposes of this Confidentiality Order, "Confidential Information" shall include any information that a Party or its counsel designates as confidential because the information relates to (i) proprietary or confidential business or financial information the disclosure of which would reveal or affect the competitive or privacy posture of either Party or the customers and related entities of the Defendant, (ii) trade secrets, (iii) non-public information regarding the Defendant's services or customers, (iv) the identity of or other personal information related to individuals who work or worked for the Defendant or its related entities, (v) compensation, financial, medical, employee benefits, or other personnel data of individual employees, and (vi) sensitive, personal, or private information. The party making the designation must reasonably and in good faith believe that the information should be subject to protection in accordance with the standards set forth in Rule 26(c) of the Federal Rules of Civil Procedure before making the designation.

3. Documents, information, and things produced during the course of this Action may be designated as containing Confidential Information by any method that is sufficient to communicate the designation to the Parties to the Action. Where it will not be feasible for the producing party to mark every page and thing so produced (e.g., electronically stored information that is produced in its native format), the producing party may use (and identify to the receiving party) other reasonable means to designate the information as Confidential Information.

It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to

such information only to such persons and under such terms as is permitted under this Protective Order.

4. The inadvertent failure to designate information as "Confidential Information" will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as "Confidential Information" from the time the receiving party is notified in writing of the designation, subject to the right of any party to challenge a designation in accordance with this Order.

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation, and if the parties are unable to reach agreement with respect to the designation, the receiving party may thereafter seek a Court Order to alter the confidential status of the designated information. The party asserting the confidentiality shall have the burden of demonstrating the propriety of the designation in accordance with the standards set forth in Rule 26(c) of the Federal Rules of Civil Procedure. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

6. Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action, except as may be addressed elsewhere in this Confidentiality Order.

7. Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order:

a) Plaintiff;

b) The Defendant (limited to current or former employees, officers, or directors of Defendant who have a need to review the information in connection with the defense of the Action as determined by counsel of record for Defendant);

c) Counsel of record for any party to the Action, as well as supporting personnel employed by counsel of record, such as secretaries, paralegal assistants, and clerical personnel who are engaged in assisting counsel in this action;

d) Designated experts and/or consultants (including their employees, associates, or other support staff) retained by a party to this action for consultation or testimony in this action, but only if: (i) they are not current or former employees of the Defendant; (ii) they are not employed by any competitor of the Defendant; (iii) they do not have a financial interest in any competitor of the Defendant; and (iv) they have read this Confidentiality Order and agreed in writing to be bound by this Confidentiality Order by signing the Acknowledgement attached hereto;

e) Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, but only if they have first read this Confidentiality Order and agreed in writing to be bound by this Confidentiality Order by signing the Acknowledgement attached hereto;

f) Mediators or Special Masters jointly retained by the parties or appointed by the Court (and their employees), but only if they have first read this Confidentiality Order and agreed in writing to be bound by this Confidentiality Order by signing the Acknowledgement attached hereto;

g) Witnesses who are identified by name in a party's initial disclosures or supplemental initial disclosures as an individual that the disclosing party may use to support its claims or defenses in this action, but only if they have first read this Confidentiality Order and agreed in writing to be bound by this Confidentiality Order by signing the Acknowledgement attached hereto;

h) Individuals who are being deposed in this action, but only at their deposition and only if they have first read this Confidentiality Order and agreed in writing to be bound by this Confidentiality Order by signing the Acknowledgement attached hereto; and

i) Any other person if counsel for the party who designated the information as Confidential Information consents to the disclosure.

9. Any Party that wishes to file or submit any Confidential Information to the Court shall make every effort to redact any confidential information in the publicly filed copy of the filing. Confidential Information subject to Fed. R. Civ. P. 25(a) shall be redacted in accordance with that Rule. The Parties acknowledge and agree that filings or submissions to the Court of any Confidential Information should be redacted rather than filed under seal if practicable.

10. In the event that any party wishes to submit Confidential Information to the Court, then prior to the proceeding and/or filing, the party seeking to submit the information to the Court shall confer with the party who made the confidential designation in an attempt to reach agreement about the use or disclosure of the information in the Court proceeding or filing (*i.e.*, to allow disclosure without any special protection, to allow disclosure of a document if certain information is redacted first, etc.). Absent such agreement, (a) the party seeking to submit the information to the Court must give the party who designated the information as Confidential Information three (3) full court days (excluding weekends and court holidays) advance notice via electronic mail of his/its intent to submit the information and specifying which information his/it intends to submit; (b) the party who designated the information as Confidential Information may, during the notice period, file a motion requesting leave of Court to close the proceeding and/or allow the filing of the information under seal; (c) if the party who designated the information as Confidential Information does not file such a motion within the notice period, the party seeking to use or disclose the information may thereafter do so in a manner consistent with the advance notice; (d) if the party who designated the information as Confidential Information does file such a motion within the notice period, then (i) the information must not be used or disclosed in any manner allowing review by members of the public while the motion is pending; (ii) the information must thereafter be used and/or disclosed only in accordance with the Court's

adjudication of the party's motion; and (iii) any applicable deadline with respect to the filing of the information (e.g., a deadline for filing exhibits in support of a motion for summary judgment) shall be deemed to have been tolled while the motion was pending and for three (3) additional court days following the Court's adjudication of the motion, to allow the filing party sufficient time to file the information in a manner consistent with the Court's adjudication. The Parties shall follow any applicable local rules and administrative procedures for electronically filing documents under seal.

11. Producing or receiving Confidential Information, or otherwise complying with the terms of this Confidentiality Order, shall not (a) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (b) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (c) prejudice the rights of a party to apply to the Court for further protective orders; or (d) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

12. The Parties agree that documents and information produced prior to the entry of the Confidentiality Order may be designated as containing Confidential Information any time after the entry of this Confidentiality Order and subject to the terms of this Confidentiality Order.

13. The inadvertent failure to designate or withhold any information as protected by the attorney-client privilege and/or work product protection shall be governed by the applicable Federal Rules of Civil Procedure [including Rule 26(b)(5)(B)] and Federal Rules of Evidence [including Rule 502(d)]. In accordance with Rule 502(d) of the Federal Rules of Evidence, the

Court hereby orders that the attorney-client privilege or work-product protection is not waived by disclosure connected with the litigation pending before the Court.

14. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Confidentiality Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work product, including but not limited to abstracts or summaries of Confidential Information, provided that any such materials are maintained and protected in accordance with the terms of this Confidentiality Order.

15. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

16. This Order may be modified or amended by further order of the Court for good cause shown.

IT IS SO ORDERED, this 27th day of October, 2015.

    /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

Stipulated by:

/s/ Jeffrey B. Chugg
Eva C. Madison (98183)
Littler Mendelson, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, Arkansas 72701
Telephone:  479.582.6100
Fax:  479.582.6111
emadison@littler.com

Jeffrey B. Chugg*
Littler Mendelson, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201-2931
Telephone:  214.880.8190
Fax:  214.853.5925
jchugg@littler.com

**Attorneys for Defendant**

*Admitted *pro hac vice*

/s/ Austin Porter, Jr.
Austin Porter, Jr.
Porter Law Firm
323 Center Street, Suite 1300
Little Rock, AR 72201
Aporte5640@aol.com

**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

JOHN C. WALKER                                                                                              PLAINTIFF

v.                                        Case No. 4:14-cv-04055-SOH

TA OPERATING LLC d/b/a
PETRO STOPPING CENTERS                                                                      DEFENDANT

**ACKNOWLEDGEMENT**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" as defined in the Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Order"), is being provided to me pursuant to the terms and restrictions of the Confidentiality Order.

I have read the Confidentiality Order and agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Confidentiality Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Confidentiality Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Confidentiality Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

_____        _____
Date                                                                  Signature

_____

_____        _____
Address                                                           Print Name
Firmwide:133907739.3 048210.1020